IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEFFREY TODD PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-05-1519-C |
| | ) | |
| JOYCE GILCHRIST; | ) | |
| ROBERT H. MACY; and THE CITY OF | ) | |
| OKLAHOMA CITY, OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION & ORDER

Defendant Robert H. Macy has moved to exclude certain experts from testifying as well as any admission of their reports at trial. Macy adopts the arguments made in the City's motion (Dkt. No. 60), which are addressed by separate order. However, Macy also specifically objects to the expert report of Judge Michael D. Marcus and his use as an expert in this case. It is to those objections that this order is directed.

STANDARD

Rule 702 of the Federal Rules of Evidence governs the admission of opinion testimony by expert witnesses. The Rule requires the Court to consider whether: (1) the proposed testimony will be helpful to the jury; (2) the witness is qualified to testify in the particular field; (3) the expert relied on sufficient data in reaching his conclusions; (4) the methodology used in forming the expert's opinion is reliable; and (5) the expert has reliably applied this methodology to the facts of this case. Fed. R. Evid. 702. Expert witnesses are

not permitted to testify unless they satisfy each of these criteria by a preponderance of the evidence.  See Fed. R. Evid. 104(a); Fed. R. Evid. 702 advisory committee's note.

In making a reliability determination, the Court may consider whether the theory applied has been tested or subject to peer review, the rate of error, the existence of standards or controls, and the general acceptance of the methodology.  See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 593-95 (1993).  None of these, or other factors that might be considered, are determinative.  Fed. R. Evid. 702, advisory committee's note.  Whether the expert purports to be a scientist or not:

> The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted.  The expert's testimony must be grounded in an accepted body of learning or experience in the expert's field, and the expert must explain how the conclusion is so grounded.
>      . . . .
> If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.  The trial court's gatekeeping function requires more than simply "taking the expert's word for it."

Id.

## DISCUSSION

Judge Marcus was retained to provide testimony "regarding the training a prosecution office should provide its attorneys, including the use of forensic evidence at trial; whether or not a prosecution office should have written rules and procedures and a prosecution office's use of expert testimony, including the retention, preparation and control of expert

witnesses." (Dkt. No. 73, Macy's Obj. Ex. 2, Marcus Report at 2.) Macy argues that Judge Marcus is not qualified to render the opinions contained in his report. Macy also contends that Judge Marcus's opinions are not relevant or reliable.

The Court finds that Judge Marcus is qualified to render his expert opinion regarding the training and operation of a district attorney's office with respect to the use of forensic evidence and experts. Among other things, Judge Marcus was employed as a deputy district attorney in Los Angeles County, California, from 1968 until January 1985. (Marcus Report at 1.) In addition to supervising other prosecutors, Judge Marcus was, for a time, responsible for the training of prosecutors and police officers and the establishment of office policy in the Beverly Hills Judicial District. (Marcus Report Ex. 1, Resume at 2.) He has taught and published in the area of criminal law and procedure and reviewed national standards related to prosecutors and prosecutor offices. (Marcus Report at 2-3.) He may not be "uniquely" qualified in the sense of being more qualified than the average district attorney or as having had training as his sole responsibility, but that is an issue Macy may explore during cross-examination. It is not grounds to exclude Judge Marcus's testimony.[1] Finally, because Judge

---

[1] Macy also argues that Plaintiff's failure to provide complete answers to interrogatories directed at Judge Marcus's qualifications and experience show that Judge Marcus is unqualified to testify as to the proper training of prosecutors.

> As grounds for objection to Marcus' Report, Defendant Macy states that in Requests for Interrogatories sent to Judge Marcus, counsel for Defendant Macy propounded several interrogatories designed to find out the extent of Judge Marcus' trial experience, his involvement in training issues and the scope of his experience in the trial of criminal cases involving forensic evidence. . . . Counsel for Plaintiff asked for, and was granted permission by counsel for Defendant Macy to delay his responses to such interrogatories so the responses could be contained in the written

Marcus was involved in training, supervision, and the creation of policy before and during the early 80s, his experience is germane because critical events of this case occurred in the early to mid 1980s.

Further, the Court finds that the bulk of Judge Marcus's opinions are reliable and relevant to the claims against Macy. Judge Marcus identifies the materials he reviewed and for the most part explains why, based on his experience and training, he reached the conclusions and formed the opinions that he did. That the subject matters in his report are not scientific and his analysis and conclusions are not readily susceptible to the non-exclusive reliability factors set out in Daubert is not determinative. With the exceptions noted below, the Court finds that Judge Marcus's opinions are properly grounded, well-reasoned, and not speculative.

However, the Court agrees that Judge Marcus did not clearly explain why he believes that Macy, as a matter of policy, encouraged the prosecutors in his office to disregard

---

opinion that was to be offered by Marcus. A review of the opinion by Marcus clearly shows no attempt to answer the Interrogatories asked of him. Further, and because he has failed to answer the Interrogatories in his opinion, it clearly demonstrates Judge Marcus has no particular expertise on any training issue involving the use of forensic evidence.

(Macy's Obj. at 2.)

As stated above, the Court finds Judge Marcus's report and attached resume demonstrate his competence to testify on the subject matters identified. To the extent that Plaintiff did not respond, or respond fully, to interrogatories by Macy, Macy could have moved to compel responses and/or deposed Judge Marcus. In this motion, Macy does not appear to seek sanctions for a failure to answer discovery but, rather, exclusion of expert evidence strictly under Federal Rule of Evidence 702.

forensic science principles, as they knew it. He identifies the repeated use of a specific question by prosecutors to elicit an arguably misleading if not erroneous response from Gilchrist regarding the ability to positively identify someone based on a hair association. However, he does not adequately explain how these instances (or other evidence) evidence Macy's policy that prosecutors knowingly disregard forensic science principles. Therefore, that opinion is excluded.

In addition, his opinion that Macy's failure to have written policies and to provide on-going training of his prosecutors amounted to deliberate indifference is a legal conclusion that will have to be answered by the jury. Judge Marcus may recount these failures and explain his observations and opinion as to what perils they created or failed to alleviate, but Plaintiff will not be permitted to elicit the legal conclusion that these exhibit Macy's "deliberate indifference." See Specht v. Jensen, 853 F.2d 805, 808 (10th Cir. 1988) (explaining that expert legal testimony that "articulates and applies the relevant law . . . circumvents the jury's decision-making function by telling it how to decide the case."); see also United States v. Oles, 994 F.2d 1519, 1523 (10th Cir. 1993) (confirming that testimony that articulates and applies the relevant law circumvents the jury's decision-making function notwithstanding Federal Rule of Evidence 704's authorization of testimony on ultimate facts).

CONCLUSION

Accordingly, Macy's Objection to Plaintiff's Expert Witness Reports and Use of Said Experts (Dkt. No. 73) with respect to Judge Marcus is OVERRULED in part and SUSTAINED in part. The use of Judge Marcus's testimony and report are limited as detailed above. The remainder of Macy's objections, which are the City's objections, are addressed by separate order.

IT IS SO ORDERED this 16th day of January, 2007.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge