IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEFFREY TODD PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-05-1519-C |
| | ) | |
| JOYCE GILCHRIST; | ) | |
| ROBERT H. MACY; and THE CITY OF | ) | |
| OKLAHOMA CITY, OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION & ORDER

Defendant Joyce Gilchrist requests that Plaintiff not be permitted to present or rely on expert evidence regarding the hair analysis conducted by Gilchrist as part of the investigation and prosecution which gives rise to the claims in this case. Gilchrist complains that hair comparison evidence is not scientifically reliable and an outmoded forensic analysis. She argues further that Plaintiff's expert reports do not state any standards for determining whether the samples were consistent or inconsistent, how many persons could be expected to share the same combination of characteristics, or how they arrived at their conclusions. Finally, Gilchrist contends that Plaintiff's proposed expert testimony is not relevant to any issue in this case because Plaintiff is collaterally estopped from relitigating issues regarding the hair analysis conducted by Gilchrist in 1986.

Plaintiff has responded to Gilchrist's objection, and for the reasons outlined below, the Court agrees that it should be overruled.

STANDARD

Rule 702 of the Federal Rules of Evidence governs the admission of opinion testimony by expert witnesses. The Rule requires the Court to consider whether: (1) the proposed testimony will be helpful to the jury; (2) the witness is qualified to testify in the particular field; (3) the expert relied on sufficient data in reaching his conclusions; (4) the methodology used in forming the expert's opinion is reliable; and (5) the expert has reliably applied this methodology to the facts of this case. Fed. R. Evid. 702. Expert witnesses are not permitted to testify unless they satisfy each of these criteria by a preponderance of the evidence. See Fed. R. Evid. 104(a); Fed. R. Evid. 702 advisory committee's note.

DISCUSSION

As an initial matter, Gilchrist's contention that Plaintiff may not challenge, through expert evidence, her hair analysis in his criminal case because *the science* underlying hair comparisons is unreliable is without merit. In 1986, hair analysis was not infrequently used as part of a criminal investigation. Forensic scientists performed the comparisons using recognized standards, procedures, practices, and presumptions. One of the issues in this case is whether Gilchrist adhered to or deviated from those objective measures. Gilchrist might argue at trial that hair analysis required subjective judgment calls and produced a high rate of error to counter evidence that she acted intentionally or with reckless disregard for Plaintiff's rights. However, those matters are fodder for cross-examination and are not a proper basis for exclusion.

Second, Gilchrist's suggestion that these experts have not adequately explained or supported their opinions is also unfounded. Gilchrist identifies Richard Bisbing, Brian Wraxall, Thomas Fedor, Gary Harmor, John Wilson, and Douglas Deedrick as the scientists upon whom Plaintiff will rely to support his allegation that Gilchrist's hair analysis was false. (Dkt. No. 74, Gilchrist's Obj. at 4.) Bisbing and Deedrick actually reviewed the hair evidence in Plaintiff's case. It is not clear that Wilson reviewed hairs in Plaintiff's case, but he did reexamine hairs from prior Gilchrist cases, her testimony in Plaintiff's and other cases, as well as other evidence. Wraxall, Fedor, and Harmor's reports are limited to the serological evidence and Gilchrist's analysis of it.

There is no question that each of the individuals who have rendered opinions regarding the hair analysis in Plaintiff's case are qualified by education, training, and experience to render those opinions or that their proposed testimony would be helpful to the jury. Further, the Court finds no indication that their methodology, application, or opinions are unreliable. Bisbing, Wilson, and Deedrick provide the relevant scientific principles supporting their opinions, explain their specific disagreements with Gilchrist's analysis, and support their contrary opinions with reference to scientific principles and/or logic.

Finally, Gilchrist argues that this expert evidence is not relevant by operation of the doctrine of collateral estoppel. That argument is considered in the Court's order on Gilchrist's motion for summary judgment and is rejected. Accordingly, the Court finds the testimony and reports at issue are both relevant and admissible, absent some as-of-yet unarticulated ground for ruling otherwise.

CONCLUSION

Thus, Gilchrist's Objection to Plaintiff's Expert Witnesses and Their Reports Regarding Hair Evidence (Dkt. No. 74) is OVERRULED.

IT IS SO ORDERED this 16th day of January, 2007.

ROBIN J. CAUTHRON
United States District Judge